**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robinto PAULEUS, Defendant–**
**Appellant.**

**No. 10–10504**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 23, 2011.

Laura Thomas Rivero, Brian Dobbins, Wifredo A. Ferrer, U.S. Attorney, Lisa Tobin Rubio, Anne R. Schultz, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Derek Lewis, Derek Lewis, P.A., Miami, FL, for Defendant–Appellant.

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Robinto Pauleus appeals his convictions for conspiracy to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute 500 grams or more of cocaine, *id.* § 841(a)(1); 18 U.S.C. § 2. Pauleus challenges the denial of his objection under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and the denial of his motion to dismiss his indictment. We affirm.

Pauleus argues that he established a prima facie case of racial discrimination in the exercise of peremptory challenges in the selection of the jury, but we disagree. "In making out a prima facie case, 'the defendant must point to more than the bare fact of the removal of certain venirepersons and the absence of an obvious valid reason for the removal.'" *United States v. Allison,* 908 F.2d 1531, 1538 (11th Cir.1990) (quoting *United States v. Young–Bey,* 893 F.2d 178, 179 (8th Cir.1990)). Pauleus argues that two prospective jurors were black and challenged by the government, but those facts alone do not establish an inference that the challenges were exercised with discriminatory animus. The district court did not err by denying Pauleus's *Batson* objection.

Pauleus also argues that the district court should have dismissed his indictment because Sergeant Darren Handley testified falsely and violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), but this argument fails. The government violates due process only if it "allows [false testimony] to go uncorrected," *Napue v. Illinois,* 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959), and the government notified Pauleus and the district court after Handley reported that he had testified incorrectly about the location of one piece of evidence. Moreover, Pauleus cannot establish he was prejudiced by the error. The district court reopened the case, Handley corrected his testimony and underwent cross-examination by Pauleus, Pauleus was permitted to make a new closing argument in which he challenged Handley's credibility, and the district court

instructed the jury about resolving issues of credibility and misstatements of a witness. *See United States v. Bueno-Sierra*, 99 F.3d 375, 379–80 (11th Cir.1996). Pauleus also cannot establish that the outcome of his case would have differed but for Handley's testimony. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). A surveillance video, telephone records, and the testimonies of police officers established that a middleman, who in the two days preceding had exchanged with Pauleus several text messages and telephone calls, retrieved from Pauleus's vehicle a box containing 750 grams of cocaine hydrochloride and delivered that cocaine to a confidential informant. The district court did not abuse its discretion by denying Pauleus's motion to dismiss his indictment.

We **AFFIRM** Pauleus's convictions.